UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ERIK MOSEID, | CASE NO. C13-363 MJP |
| Plaintiff, | ORDER DENYING TRO |
| v. | |
| SELENE FINANCE LP, | |
| Defendant. | |

THIS MATTER comes before the Court on Plaintiffs' ex-parte motion for a temporary restraining order (TRO). The Court has considered the motion (Dkt. No. 2), the complaint (Dkt. No. 1) and all related documents. The Court DENIES the motion.

**Background**

Pro Se Plaintiffs Erik Moseid and Dianna Moseid filed a complaint for a temporary restraining order and permanent injunction, wrongful foreclosure, breach of contract, intentional infliction of emotional distress, slander of title, breach of fiduciary duty, breach of quasi-

ORDER DENYING TRO- 1

fiduciary duty, violation of the Fair Debt Collection Practices Act, violation of the Fair Credit Reporting Act, and Violations of RESPA on February 28, 2013 around 1:00 p.m. (Dkt. No. 1.) They filed at the same time a motion for a temporary restraining order ("TRO") (Dkt. No. 2), seeking to stop the foreclosure sale of their home, scheduled for March 1, 2013. (Dkt. No. 1-1 at 138.)

Plaintiffs applied for a home loan from defendant Credit Suisse Financial Corporation ("Credit Suisse") in 2006 and executed a Deed of Trust, listing the beneficiary as Mortgage Electronic Registration System ("MERS"). (Dkt. No. 2 at 2.) On or about May 27, 2011, Plaintiffs received a notice from Credit Suisse of transfer to creditor Defendant US Bank Trust, "soley as owner trustee for CPCA Trust 1 [sic.]," making them the trustee effective March 30, 2011. (Id. at 3.) Plaintiffs allege there is no assignment of the Deed of Trust recorded in King County and no Defendant has provided documentation showing US Bank's interest as creditor, lender or holder of the promissory note or deed of trust executed by the Plaintiffs. (Id.) Plaintiffs do not dispute they owe the amount in default, $598,290.00. (Dkt. No. 1-1 at 138.)

### Discussion/Analysis

A. <u>Temporary Restraining Order</u>

The Court considers four factors in examining Plaintiff's request for a TRO: (1) likelihood of success on the merits, (2) likelihood of irreparable harm, (3) the balance of equities, and (4) the public interest. <u>Winter v. Nat'l Res. Def. Council,</u> 129 S.Ct. 365, 374 (2008); <u>see also</u> <u>Toyo Tire Holdings of Americas Inc. v. Continental Tire</u>, 609 F.3d 975, 982 (9th Cir. 2010). This case turns on the first factor.

This is an ex parte motion for a restraining order. The Court may issue a TRO without written or oral notice to the opposing party only if (A) specific facts in an affidavit or verified complaint clearly show immediate and irreparable injury and (B) the movant's attorney certifies in writing any efforts made to give notice and the reason why it should not be required. Fed. R. Civ. P. 65(b). Plaintiffs have not demonstrated that effort was given to notify the Defendants of this TRO motion, and they have given no reason for the delay in this filing. Defendants became aware of the pending foreclosure October 25, 2012. (Dkt. No. 1-1 at 137.)

B.   Wrongful Foreclosure, Violation of Deed of Trust Act

The claim most relevant to this motion is the wrongful foreclosure claim. Plaintiff claims Defendants violated the Washington Deed of Trust Act ("DTA") by recording a notice of trustee sale with MERS as the beneficiary and US Bank Trust holding the beneficial interest.  Plaintiffs are not likely to succeed on the merits. The DTA "sets forth the only means by which a grantor may preclude a sale once foreclosure has begun with receipt of the notice of sale and foreclosure." Cox v. Helenius, 10 Wn.2d 383, 388 (1985).

The Deed of Trust Act does not require the trustee or beneficiary provide the grantor/debtor with proof of ownership of the promissory note as one of the "requisites to [the] trustee's sale." RCW 61.24.030(7). Accordingly, courts "have routinely held that [Plaintiffs'] 'show me the note' argument lacks merit." Freeston v. Bishop, White & Marshall, P.S., 2010 WL 1186276, at *2 (W.D. Wash. 2010) (quoting Diessner v. Mortgage Electronic Registration Systems, 618 F.Supp.2d 1184, 1187 (D. Ariz. 2009) (collecting cases)); see Salmon v. Bank of Am. Corp., 2011 WL 2174554, at *7-8 (E.D. Wash. May 25, 2011).   Here, so long as the trustee has valid proof it is the holder of the note, then the foreclosure can move forward.

1  The Washington Supreme Court decision in <u>Bain v. Metropolitan Mortgage Group, Inc.</u>,
2  175 Wn.2d 83 (2012), held that MERS is ineligible as a "beneficiary" under the Deed of Trust
3  Act if it never held a promissory note or other debt instrument secured by the deed of trust. 175
4  Wn.2d 83, 110 (2012). Responding to a certified question, the Court held characterizing MERS
5  as a beneficiary meets the deception element of the Consumer Protection Act claim. <u>Id</u>. at 117.
6  However, <u>Bain</u> is clear that there is no automatic cause of action under the CPA simply because
7  MERS acted as an unlawful beneficiary under the Deed of Trust Act. <u>Id</u>. at 119. <u>Bain</u> did not
8  hold a foreclosure was automatically improper because MERS is listed as the beneficiary. <u>Id</u>.
9  Plaintiffs have not argued or offered any evidence that US Bank is not the holder of the note and
10 cannot foreclose. Except for broad allegations about a lack of recording, they have not shown US
11 Bank is not the proper trustee. With the information available, there is no reason to believe the
12 nonjudicial foreclosure is improper.

13  C.  <u>Other Claims</u>

15  The logic above applies to the Consumer Protection Act Claim, Slander of Title Claims, and
16 RESPA claims. Plaintiffs have not argued the debt alleged in the notice of Trustee's sale is not
17 valid. They have not shown that US Bank is not the holder of the note. The fact that MERS is not
    a proper beneficiary is not enough to prevent nonjudicial foreclosure.

**Conclusion**

20  Plaintiffs have filed this motion without notice to Defendants and have not shown any
21 reason as to why this action was not commenced earlier, when the notice of foreclosure sale was
22 issued nearly four months ago. Plaintiffs have not demonstrated a likelihood of success on the
    merits. Under these circumstances, the motion for a TRO is DENIED.

1 | The clerk is ordered to provide copies of this order to all counsel.

2 | Dated this 28 day of February, 2013.

_____
Ricardo S. Martinez
United States District Judge

ORDER DENYING TRO- 5